IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>JAMES K. YOUNG,<br><br>               Defendant. | Case No. 3:19-CR-30031-NJR-1 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant James K. Young has moved for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A). (Doc. 76). On October 22, 2020, the undersigned Chief District Judge sentenced Young to 60 months of imprisonment after he pleaded guilty to two counts of receipt of child pornography. (Doc. 64). Young now argues that his medical conditions constitute extraordinary and compelling circumstances justifying his release. (*Id.*). Specifically, Young states that he is over 68 years old and has been diagnosed with latent tuberculosis (TB), Chronic Obstructive Pulmonary Disease (COPD), and hyperthyroid since being incarcerated. (*Id.*). Prior to incarceration, he had a heart attack in 1994, as well as high cholesterol, borderline Type 2 diabetes, and osteoarthritis. (*Id.*). Young claims these conditions make him especially vulnerable to serious illness or death if he is reinfected with COVID-19. (*Id.*).

In response, the Government notes that Young's medical records from 2022 indicate only that he has hyperlipidemia and hemorrhoids, neither of which make an individual more susceptible to a severe COVID-19 infection. (Doc. 84). Moreover, he has refused treatment for

his latent TB, and there is no evidence that he has ever been diagnosed with COPD.[1] (Docs. 84, 84-1). And, despite his concern about serious illness or death from COVID-19, Young refused the COVID-19 vaccine in April 2021. (*Id.*). Thus, the Government argues, there are no extraordinary and compelling reasons for compassionate release. (*Id.*).

"A motion for compassionate release sets forth a two-step inquiry: (1) whether the defendant presents an extraordinary and compelling reason for release, and (2) whether release is warranted under § 3553(a)." *United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022). The Seventh Circuit has made clear that, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Newton*, No. 21-2514, 2022 WL 2145230, at *1 (7th Cir. June 15, 2022) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). There remains, however, "a safety valve for prisoners who show they are unable to receive or benefit from a vaccine, or that they remain vulnerable to severe infection, notwithstanding the vaccine." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). A district court must consider the movant's individualized arguments and evidence in determining whether his medical conditions constitute extraordinary and compelling reasons for compassionate release. *Id.*

Here, Young has not provided any evidence to demonstrate that he refused the COVID-19 vaccine because he is medically unable to receive or benefit from it; thus, his risk of contracting COVID-19 again cannot justify his compassionate release. *See United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of

---

[1] Young's chest exam from March 10, 2021, indicates "hyperinflation of the lungs suggesting COPD," although there is no official diagnosis of COPD. (Doc. 84-2 at p. 55).

new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine."). And his other medical conditions, on their own, do not rise to the level of extraordinary and compelling circumstances—especially since Young has refused treatment for his latent TB.

Even if Young met the first requirement for compassionate release, the § 3553(a) factors weigh against his release. The undersigned sentenced Young to a below-guidelines sentence of 60 months, in part due to his age and medical conditions, and he has served less than two years of that sentence. Young was caught with 2,442 images and 32 videos of child pornography, some of which involved pain, torture, humiliation, bondage, or a victim under three years of age. (Doc. 49). Releasing Young now would fail to account for the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). It also would fail to afford adequate deterrence to criminal conduct or protect the public from further crimes of the defendant. § 3553(a)(2)(B), (C). As noted by the Government, Young has yet to be evaluated by the Bureau of Prisons to determine whether he is a sexually dangerous person subject to civil commitment.

For these reasons, the Court finds no extraordinary and compelling reasons warranting compassionate release in this case. Even if there were, the sentencing factors weigh against immediate release. Thus, the Motion for Compassionate Release filed by Defendant James K. Young (Doc. 76) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 29, 2022

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**