IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  **Plaintiff,**  v.  JAMES K. YOUNG,  **Defendant.** | Case No. 3:19-CR-30031-NJR-1 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On October 22, 2020, the undersigned sentenced Young to a below-guidelines sentence of 60 months' imprisonment after he pleaded guilty to two counts of receipt of child pornography. (Doc. 64). Young did not file a direct appeal, but he did file a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his medical conditions and the COVID-19 pandemic. (Doc. 76). The Court denied his motion, and Young appealed. (Docs. 88, 89). The Seventh Circuit Court of Appeals affirmed this Court's decision. *See United States v. Young*, No. 22-2219, 2022 WL 17076692, at *1 (7th Cir. Nov. 18, 2022). Young now asks this Court, pursuant to Rule 60(b)(1), (3), and (6), to vacate its Order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 97).

"Rule 60(b)(1) permits a district court to reopen a judgment for 'mistake, inadvertence, surprise, or excusable neglect,' so long as the motion is filed 'within a reasonable time,' and, at most, one year after the entry of the order under review." *Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022) (quoting FED. R. CIV. P. 60(b)). Likewise, a motion under Rule 60(b)(3) must be filed within one year and permits a court to relieve a party from a final judgment or order

on the basis of fraud, misrepresentation, or misconduct by an opposing party. FED. R. CIV. P. 60(b)(3). "Rule 60(b)(6) permits reopening for 'any other reason that justifies relief,' so long as the motion is filed 'within a reasonable time.'" *Kemp*, 142 S.Ct. at 1861 (quoting FED. R. CIV. P. 60(b)(6), 60(c)(1)).

In his Rule 60(b) motion, Young advances three arguments and asserts that the Court must consider them as a result of *Concepcion v. United States*, 142 S.Ct. 2389 (2022). As an initial matter, however, *Concepcion* does not apply to Young's case. In *Concepcion*, the Supreme Court held that district courts may consider intervening changes of law or fact when exercising their discretion to reduce sentences for eligible defendants under § 404(b) of the First Step Act. *Concepcion*, 142 S. Ct. at 2404. Section 404(b) of the First Step Act made the Fair Sentencing Act of 2010 retroactive to defendants imprisoned for crack cocaine offenses. Thus, *Concepcion* is of no help to Young, as it concerns inmates who have already been found eligible for resentencing on their crack cocaine offenses. *See United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022). Young was not sentenced on a crack cocaine offense, and he brought his motion under 18 U.S.C. § 3582(c)(1)(A), meaning he must first demonstrate "extraordinary and compelling circumstances" for a sentence reduction. Only if Young meets that threshold can the Court consider any changed circumstances. *See id.*

**Rule 60(b)(1)**

Young first asserts, under Rule 60(b)(1), that the Government made a mistake when it insisted that he is a danger to society and the § 3553(a) factors weigh against his release. He claims this cannot be true considering he was on bond for 21 months prior to sentencing and was allowed to self-surrender. He also points to his clean disciplinary record in prison, his employment, and his involvement in prison programming. Young contends the Court must

consider these factors regarding his rehabilitation under *Concepcion*.

As discussed above, however, *Concepcion* does not apply when a court is considering whether a prisoner has demonstrated extraordinary and compelling circumstances for a sentence reduction under § 3582(c)(1)(A). And the Court disagrees that the Government was mistaken in insisting that the § 3553 factors weigh against Young's release. As the Court noted in its previous Order denying compassionate release, Young was caught with 2,442 images and 32 videos of child pornography, some of which involved pain, torture, humiliation, bondage, or a victim under three years of age. Releasing Young at this time would fail to account for the seriousness of his offense, promote respect for the law, provide just punishment, adequately deter future criminal conduct, or protect the public from further crimes of the defendant.

In his second point under Rule 60(b)(1), Young argues the Court made a mistake when it stated that the Bureau of Prisons ("BOP") had not yet evaluated Young to determine whether he is a sexually dangerous person subject to civil commitment. Young claims he has been extensively evaluated by the BOP and was determined to have less than a 1% chance of recidivating. But Young's likelihood of recidivism is different from an evaluation to determine whether he is subject to civil commitment pursuant to 18 U.S.C. § 4248, and Young has not actually provided any evidence of his recidivism score. Thus, the Court finds no mistake, inadvertence, surprise, or excusable neglect that would warrant relief from the Court's order denying Young's previous motion for compassionate release under § 3582(c)(1)(A).

**Rule 60(b)(3)**

Young next argues he is entitled to relief under Rule 60(b)(3) because of fraud,

misrepresentation, or misconduct by an opposing party. He claims the Government and the Court misrepresented the amount of child pornography files he had access to, and that the Government also misrepresented to the Court that his friend, Barbara Brickeen, could not have been the source of the petite clothing found in his home. Young contends that both misrepresentations were done to fraudulently paint an overly negative picture of him.

The Seventh Circuit has clearly held, however, that a motion for compassionate release cannot be used to challenge a sentence on grounds the defendant could have raised on direct appeal or collaterally through a 28 U.S.C. § 2255 motion. *United States v. Brock*, 39 F.4th 462, 465 (7th Cir. 2022) (a defendant cannot seek "early release under § 3582(c)(1)(A) based on an argument generally available to litigants on direct appeal or (more properly) in plea negotiations and at the time of the original sentencing"); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). Young's arguments, which go toward the nature and circumstances of his offense, were available to him during his plea negotiations and at sentencing and are not appropriately raised in a motion under § 3582(c)(1)(A). Thus, the Court finds no basis for relief under Rule 60(b)(3).

**Rule 60(b)(6)**

Young also asks the Court to relieve him from its prior Order denying compassionate release under the catch-all provision of Rule 60(b)(6)—that is, for "any other reason that justifies relief." He argues first that the § 3553(a) factors are based on the flawed theory that sex offenders are at a high risk of reoffending, when in reality he has a low recidivism risk. Young points to his strong support system, his education, and his solid work history as factors that demonstrate he will not reoffend.

Young's argument fails to consider that the § 3553(a) factors encompass more than

Page 4 of 6

just a defendant's likelihood of recidivism. In imposing a sentence, a court must also consider: the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the crime, promote respect for the law, provide just punishment, afford adequate deterrence, and provide the defendant with needed educational, vocational, or other correctional treatment; the kinds of sentences available; the sentencing guidelines established by the U.S. Sentencing Commission; pertinent policy statements issued by the U.S. Sentencing Commission; and the need to avoid unwarranted sentence disparities among defendants who have been found guilty of similar conduct. § 3553(a)(1)-(7). The Court thoroughly weighed these factors in sentencing Young, and as a result it imposed a below-guidelines sentence. Young's argument regarding sex offenders and his low risk of recidivism does not justify relief.

Finally, Young argues that his status as unvaccinated for COVID-19 should have no bearing on whether he is eligible for relief, considering that vaccinations at FCI-Texarkana ended in 2021. He asserts that, in essence, everyone is now unvaccinated, and he is, again, at a high risk of infection and death. Young has provided no evidence, however, that FCI-Texarkana is refusing to vaccinate him against the virus. Moreover, according to the Centers for Disease Control and Prevention, COVID-19 is no longer a public health emergency.[1] FCI-Texarkana is at Level 1 of the BOP COVID-19 Operational Levels, meaning the medical isolation rate is less than 2% and there have been less than 100 positive cases per 100,000 over the past 7 days.[2] In sum, just as Young's risk of getting sick from COVID-19 is not an

---

[1] *See* CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last visited June 15, 2023).
[2] https://www.bop.gov/locations/institutions/tex/ (last visited June 15, 2023).

extraordinary and compelling reason for a sentence reduction, it also is not a "reason that justifies relief" under Rule 60(b)(6).

Because he has not demonstrated a right to relief under any provision of Rule 60(b), the Motion Pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6) filed by Defendant James Young (Doc. 97) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 16, 2023

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**