IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES YOUNG,<br><br>    Defendant. | Case No. 3:19-CR-30031-NJR-1 |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is a letter from Defendant James Young requesting guidance on whether he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 101). Although Young does not directly request relief, the Court construes Young's letter as a motion for sentence reduction.

Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve certain aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1. One of the aggravating factors identified in the revised guideline is that the offense of conviction is a "sex offense." § 4C1.1(a)(5). Section 4C1.1(b)(2) defines "sex offense" as an offense perpetuated against a minor under specific statutes, including those under 18 U.S.C. Chapter 110.

Here, although Young had zero criminal history points, he was convicted of two counts of receipt of child pornography under 18 U.S.C. § 2252A(a)(2)(A). (Doc. 64). Those

offenses fall under 18 U.S.C. Chapter 110, and, thus, are "sex offenses" as defined by § 4C1.1(b)(2). Because Young's convictions were for sex offenses, the Court finds that he is ineligible for a sentence reduction under Part B of Amendment 821.

For these reasons, Young's request for a sentence reduction (Doc. 101) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  February 13, 2024

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**